UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

PIERCE MANUFACTURING INC., et al.,

        Petitioners,

  v.                                            Case No. 10-C-393

FIRST IN INC.,

        Respondent.

**DECISION AND ORDER**

On May 7, 2010, Petitioners Pierce Manufacturing, Inc.; Medtec Ambulance Corporation; and Oshkosh Specialty Vehicles, d/b/a Frontline Communications, filed a petition to compel arbitration of their dispute with Respondent, First In, Inc. The Petitioners ("the Manufacturers") are all manufacturers of fire trucks, ambulances and other first response vehicles and equipment. First In is a dealer of Petitioners' products, and Petitioners now seek to terminate that relationship due to what they view as First In's weak sales, alleged insolvency, and failure to adequately market their products. On April 29, 2010, after First In learned of the effort to terminate its dealership, it brought suit in the District of Arizona seeking a temporary and preliminary injunction prohibiting the termination. In response, the Manufacturers moved to dismiss the claim on the grounds that the relevant dealership agreements contained arbitration clauses mandating arbitration of disputes in Milwaukee, Wisconsin. In a June 7 order, the Arizona District Court found that the dispute was not arbitrable because the arbitration clause was barred by the Motor Vehicle Franchise Contract Arbitration Fairness Act ("MVFCAFA"). First In now asks this Court to dismiss this action

pending here because the Arizona court has already decided the relevant issue, namely, that the dispute is not subject to arbitration. For the reasons given below, the case will be dismissed.

As already noted, the Arizona court concluded that the MVFCAFA precludes enforcement of the arbitration clauses.[1] That Act applies to contracts "entered into, amended, altered, modified, renewed, or extended after November 2, 2002." 15 U.S.C. § 1226(b). No one has disputed that the arbitration clauses found within the dealership agreements between First In and Medtec and Frontline are not enforceable because those contracts were entered into in 2008 and 2009, long after the effective date of the MVFCAFA. The disputed issue was whether certain agreements between Pierce and First In in 2009 constituted an amendment of their 2000 (pre-MVFCAFA) dealership agreement. If so, the Act would apply and preclude Pierce from enforcing the arbitration clause. The Arizona court concluded that the new agreement was, in fact, an amendment to the 2000 dealership agreement; as such, the arbitration clause was invalidated by the MVFCAFA and the Court denied the Manufacturers' motion to dismiss.

The case in this District, filed by the Manufacturers a week after First In filed its action in Arizona, involves the same parties and the same contracts. Pierce now seeks to enforce the arbitration clause and compel arbitration of the dispute despite the ruling of the Arizona court that the arbitration clause on which Pierce relies is invalidated by federal law.[2] Pierce raises two arguments in support, each of which I address below.

First, Pierce argues that the Federal Arbitration Act provides that this District is the only one

---

[1]The Arizona District Court's opinion is found at Dkt. # 6, Ex. 1.

[2]By virtue of the motion to amend the petition to compel arbitration, Frontline and Medtec no longer seek to enforce the arbitration clause.

2

with the authority to consider the viability of the arbitration clause. "[W]here the arbitration agreement contains a forum selection clause, only the district court in that forum can issue a § 4 order compelling arbitration." *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Lauer,* 49 F.3d 323, 327 (7th Cir. 1995). Because the dealership agreements had forum selection clauses designating Wisconsin as the proper forum, Pierce argues that the Arizona court was without authority to decide the arbitrability question.

Pierce's argument that the Arizona court lacked jurisdiction to consider the arbitration claim is an unusual one given that Pierce is the party that raised the arbitration issue in that court in the first place. Its defense to First In's motion for injunctive relief was its assertion that the dispute must be arbitrated rather than litigated in federal court. Obviously, that raised the question of whether the arbitration clause was valid, and the Arizona court concluded it was not. It is only now, after the court ruled against it, that Pierce asserts that the court should not have considered the issue to begin with. And even if it is true that only courts in this district could *compel* arbitration, that does not mean other district courts could not rule on the validity of the underlying arbitration provision itself. That is, to the extent it is true that only Wisconsin courts could compel arbitration, that is only true if there is a *valid* arbitration clause. Here, the Arizona court was addressing the validity of the arbitration clause itself rather than *applying* that clause to order the parties to arbitrate.

More problematic for Pierce is that it cites no authority that would allow this Court to effectively "reverse" the Arizona court. Its argument boils down to an assertion that the Arizona court erred. If that is true, Pierce has recourse in the Ninth Circuit Court of Appeals, but it has not supplied any basis upon which this Court could now take the case and compel arbitration of a

3

dispute that another federal court has already concluded is not arbitrable. The federal judicial structure is a vertical hierarchy, meaning that errors are corrected by higher courts, not coequal ones. An argument that one court "got it wrong" should be raised with the applicable court of appeals, not another district court. If Pierce were correct, this Court would have the authority to compel an arbitration that would proceed even while the Arizona federal case was being litigated. That would be a recipe for chaos and needless expense.

Second, Pierce argues that collateral estoppel should not apply because this action does not have a substantial overlap with the Arizona action. There, First In was the plaintiff and its complaint asserted claims for breach of contract and the covenant of good faith, interference with contractual relations, and claims for declaratory and injunctive relief. The complaint did not refer to any arbitration clause. By contrast, this action is brought by Pierce to compel arbitration pursuant to § 4 of the FAA. As such, the two actions are fundamentally different. In addition, the Arizona court relied in part on Arizona state law in determining that the more recent agreements between Pierce and First In were amendments to the pre-MVFCAFA dealership agreement. Because this Court would not base its ruling on application of Arizona law, the legal questions posed in the two cases must also be different.

But once again Pierce's argument places it in an unusual position. Having raised the arbitration clause in its defense of the Arizona action, it is now implausibly asserting that the validity of that clause was not an essential component of the Arizona court's decision. Issue preclusion bars successive litigation of "an issue of fact or law" that "is actually litigated and determined by a valid and final judgment, and ... is essential to the judgment." *Bobby v. Bies,* 129 S.Ct. 2145, 2152 (2009) (citing Restatement (Second) of Judgments § 27 (1980)). As First In notes,

4

Pierce actually submitted a proposed order to the Arizona court proposing that the court hold that "the dealer agreements contain valid and enforceable clauses mandating binding arbitration in Milwaukee, Wisconsin." (Dkt. # 14, Ex. 3.) Not surprisingly, the issue was explicitly considered by the Arizona court (on Pierce's own motion), and thus Pierce's assertion that the issue was not actually litigated in Arizona rings hollow. The mere fact that First In's own complaint in the Arizona court did not mention an arbitration clause does not mean that the validity of the clause was not litigated. It was, in fact, crucial to that court's conclusion that Pierce's arbitration defense to First In's motion would not succeed. Again, if Pierce believes that court erred, it should appeal.[3]

Ultimately, regardless of whether Pierce's claim is barred by issue preclusion or any number of other doctrines, coequal federal courts in different states do not entertain parallel cases, particularly when doing so would create the likelihood of inconsistent rulings. Under the "first to file" rule, questions about the propriety of a claim or defense, or about proper venue, are left to the court who has received the case first.

> The first-to-file rule states that "[i]n all cases of federal concurrent jurisdiction, the court which first has possession of the subject must decide it." *E.E.O.C. v. Univ. of Pa.*, 850 F.2d 969, 971 (3rd Cir.1988) (citations omitted). The policy underlying the first-to-file rule is the avoidance of duplicative litigation and the conservation of judicial resources. For purposes of the first-to-file rule, the actions being assessed need not be identical if there is substantial overlap with respect to the issues and parties.

---

[3]Although that court has not entered a final judgment, the issue is "final" for issue preclusion purposes. *See, e.g., Haber v. Biomet, Inc.,* 578 F.3d 553, 557 (7th Cir. 2009) ("Finality in issue preclusion also serves efficiency, by ensuring that parties who have fully and fairly litigated a particular issue (which is expressly resolved and necessary to the outcome) do not receive more than one bite at the apple. As long as the issue is distinct, it does not matter if other aspects of a case remain to be decided.")

5

*Byerson v. Equifax Information Services, LLC,* 467 F.Supp.2d 627, 635 -636 (E.D.Va. 2006).

The parallel action was filed in Arizona first, and that court was therefore the proper court to determine the propriety of its jurisdiction and venue. That rule does not reward a "race to the courthouse" because the first-filed court could always decide to transfer the case or to dismiss it. The rule merely affords the first-filed court the ability to make a ruling as to which court should ultimately hear the case, and here the Arizona district court has concluded that the action is properly before it. If it is in error, only the Ninth Circuit can correct it. Any other result reached here would place this Court in a position that would create inconsistent rulings and a "shadow" arbitration that parallels an ongoing federal case addressing the same issues.

For the reasons given above, the motion to dismiss is **GRANTED**. The motion for a stay and motion for leave to file an amended petition are **DENIED** as moot. This case is **DISMISSED**.

**SO ORDERED** this 19th day of July, 2010.

        s/ William C. Griesbach
        William C. Griesbach
        United States District Judge